UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


GERALD BERCH,                          :
                                       :
          Plaintiff                    :
                                       :
     v.                                : CIVIL NO. 3:CV-12-0683
                                       :
JOHN E. WETZEL, et al.,                : (Judge Kosik)
                                       :
          Defendants                   :

**FILED
SCRANTON**

MAR -10 2014

PER _____
    DEPUTY CLERK

## **MEMORANDUM**

Gerald Berch ("Berch"), an inmate housed at the State Correctional Institution

at Huntingdon, Pennsylvania, filed this civil rights action on April 12, 2012, pursuant

to 42 U.S.C. § 1983. The complaint is a 51-page document with 72 pages of attached

exhibits and names 46 defendants. Defendants include several Pennsylvania

Department of Corrections officials and numerous employees at the State

Correctional Institution at Mahanoy, Berch's former place of confinement. Pending

before the court is Defendants' motion to dismiss the complaint (Doc. 40) and

motions filed by Berch for enlargements of time within which to submit an amended

complaint (Docs. 56, 59), and to exceed the page limitation in opposing Defendants'

motion to dismiss (Doc. 57). For the reasons that follow, the motions for enlargement

of time within which to submit an amended complaint will be granted, and

Defendants' pending motion to dismiss will be denied without prejudice to renew/supplement following the submission of an amended complaint. Berch's motion to exceed the page limitation in opposing Defendants' motion to dismiss will be denied as moot.

## I.    Background

The complaint in this action was filed on April 12, 2012. There is no question that Plaintiff's scattershot pleading is excessively verbous and incredibly encompassing. His claims appear to commence in or about January of 2010 and continue through the filing of the complaint. They include allegations of retaliation, conspiracy, failure to protect, conditions-of-confinement, challenges to the grievance and misconduct policies, defamation, and property damage.

On August 9, 2013, Defendants filed a motion to dismiss the complaint. (Doc. 40.) In support thereof, they made a valiant attempt to address the claims set forth in Plaintiff's mammoth filing. (Doc. 42.) However, on August 30, 2013, Plaintiff sought an enlargement of time within which to file an amended complaint. (Doc. 56.) On the same date, he also filed a motion to exceed the page limitation with respect to his brief in opposition to Defendants' motion to dismiss. (Doc. 57.) No proposed opposition brief was submitted at the time, or has been submitted to date. On October 29, 2013, Plaintiff filed a second motion for extension of time to file an amended complaint. (Doc. 59.) Defendants oppose Plaintiff's motions for enlargement to

submit an amended complaint.

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its

pleading once as a matter of course within 21 days after serving it, or if the pleading

is one to which a responsive pleading is required, 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b)(6), (e) or

(f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may only

amend with the written consent of the opposing party or with leave of court.  Fed. R.

Civ. P. 15(a)(2).  The Rule provides that courts should freely give leave to amend

when "justice so requires."  Id.  Denial of leave to amend is disfavored and district

judges should grant leave absent a substantial reason to deny.  See Shane v. Fauver,

213 F.3d 113, 115-117 (3d Cir. 2000).  Whether to grant a party leave to amend a

pleading is within the sound discretion of the trial judge.  Fraser v. Nationwide Mut.

Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003).  This Court has discretion to deny such a

request if it is apparent from the record that: (1) the moving party has demonstrated

undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3)

the amendment would prejudice the other party.  Id. (citing Foman v. Davis, 371 U.S.

178 (1962).

## III.   Discussion

In applying Fed. R. Civ. P. 15(a), it is clear that Plaintiff is entitled to file an

amended complaint as of right in this action. Defendants' motion to dismiss was filed on August 9, 2013, and on August 30, 2013, Plaintiff requested an enlargement of time within which to submit an amended complaint. Under Rule 15(a)(1)(A), Plaintiff could amend as of right within 21 days of August 9, 2013, the date the motion to dismiss was filed. He submitted his request for enlargement of time to do so within the applicable time frame for filing the amended complaint as of right. As such, he is clearly entitled to file an amended complaint as of right.

However, even with this said, he does not have free reign to submit an amended complaint outside the scope and parameters of the original complaint. Rather, any amended complaint must be submitted for the purposes of curing deficiencies and defects within the four corners of the original complaint, and for the purpose of presenting viable claims.

In reviewing Plaintiff's motions for enlargement of time to submit an amended complaint, he offers reasons in support of his amended complaint that are both acceptable and unacceptable. He argues that he wishes to allege facts with respect to the claims set forth in his complaint in an attempt to state viable claims that will remedy challenges raised by Defendants in their motion to dismiss. This is an acceptable form of amendment.

However, he also sets forth examples of numerous new claims he wishes to add in his amended complaint. These claims are not contained in his original complaint,

involve incidents that occurred after the filing of the instant action, are not directly related to the claims in the original complaint, and/or are alleged against new defendants. These claims are not properly pursued in any amended complaint filed in this action, and do not relate back to the matters set forth in the original complaint. For example, Plaintiff seeks to include allegations with respect to sexual harassment in the fall and winter months of 2012/2013 against Correctional Officer T.R. Adams and the grievance and other related incidents that occurred with respect to this incident thereafter. The related issues concern an alleged conspiracy that took place, Plaintiff's confinement in the RHU and issuance of a false misconduct, the denial of due process, his retaliatory transfer to SCI-Huntingdon, and many other claims arising after his transfer.

While Berch devotes pages to these matters, they are inappropriately raised in an amended complaint, and are properly pursued in a new action. To the extent Defendants claim they would be prejudiced after sifting through and responding to Plaintiff's lengthy original complaint, their pending motion to dismiss will be dismissed without prejudice to refiling/supplementing following submission of the amended complaint.

In submitting an amended complaint, Berch is advised that he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants

purported to have harmed him.  The "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992)(emphasis added).  Further, Plaintiff is strictly cautioned that the amended complaint must comply with Rule 20(a)(2) and involve only related claims or parties arising out of the same transaction(s) or occurrence(s).  Any claims set forth in the amended complaint going outside the scope of those set forth in the original complaint will be stricken.  An appropriate order follows.