UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GERALD BERCH,                               :
                                            :
          Plaintiff                         :
                                            :
     v.                                     :  CIVIL NO. 3:CV-12-0683
                                            :
JOHN E. WETZEL, et al.,                     :  (Judge Kosik)
                                            :
          Defendants                        :

**MEMORANDUM**

Plaintiff, Gerald Berch, filed this civil rights action pursuant to 42 U.S.C. §

1983 on April 12, 2012.  At the time, he was an inmate confined at the State

Correctional Institution at Mahanoy, Pennsylvania.[1] Pending before the court is

Plaintiff's motion seeking reconsideration of the court's order dated March 31, 2014,

providing Plaintiff with twenty (20) days within which to file a proper amended

complaint in compliance with the court's directive of March 10, 2014.  (Doc. 71.)

For the reasons that follow, the motion will be denied, and Plaintiff afforded one final

opportunity to submit a proper amended complaint in this action.

---

[1] In verifying Plaintiff's current address by accessing the court's official
electronic filing system (CM-ECF), it appears that he is now confined at SCI-
Smithfield.  The Clerk of Court will be directed to make the appropriate notation to
the docket.

## I.    Background

Plaintiff commenced this action by filing a complaint that was 51 pages in length and included an additional 72 pages of attached exhibits. He named 46 defendants including several Pennsylvania Department of Corrections officials and numerous employees at SCI-Mahanoy, his former place of confinement.  In response thereto, Defendants filed a motion to dismiss the complaint (Doc. 40).  Thereafter, Plaintiff filed a motion for enlargement of time within which to submit an amended complaint.

On March 10, 2014, the court issued a Memorandum and Order denying Defendants' motion to dismiss without prejudice to renew, and granting Plaintiff's motion to amend his complaint.  In doing so, Plaintiff was provided with strict instructions as to the preparation of his amended complaint.  Specifically, he was informed that the amended complaint must stand on its own and comply with Federal Rules of Civil Procedure 8 and 20, and that it must not go beyond the scope of the original pleading. In addition, all conduct set forth must be associated with a named defendant.

On March 28, 2014, Plaintiff submitted a motion for extension of time to file his amended complaint, along with a proposed 153 page amended complaint.  It was evident that this motion had been prepared prior to the court's issuance of the March

10, 2014 Memorandum and Order.[2]  In light of such, the court issued an order on March 31, 2014, affording Plaintiff twenty (20) days in which to submit an amended complaint in compliance with the court's decision of March 10, 2014.  (Doc. 68.)

On May 5, 2014, Plaintiff filed a motion seeking reconsideration of the order of March 31, 2014.  (Doc. 71.)  In the motion, he expresses his displeasure with the length of the preliminary screening process regarding his original complaint and the court's lack of concern over the propriety of his original complaint until after Defendants' motion to dismiss was filed.  He also questions the court's failure to accept his proposed amended complaint as submitted.  He claims that he "infus[ed] it with the elaborative 'factual enhancements'. . . ", and argues that it is in total conformity with the Federal Rules of Civil Procedure and the court's Memorandum of March 10, 2014.  He further devotes much time to detailing all of the difficulties that hindered his preparation of an amended complaint, including limited access to the law library, adverse actions by staff members, and restrictions with respect to accessing the Xerox machine.  He maintains that the proposed amended complaint, despite its length, should not have been "sweepingly rejected" by the court, and requests that the proposed amended complaint be reinstated.

---

[2]  Because Plaintiff requested an enlargement of time until February 7, 2014 to file an amended complaint and because his proposed amended complaint did not adhere to the instructions set forth by the court in the March 10, 2014 opinion, it was clear Plaintiff prepared his filing prior to the receipt of the court's Memorandum and Order.

## II.     Standard of Review

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court, see Hoey, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted).  Rather, such a motion is appropriate only where the court misunderstood a

party or where there has been a significant change in law or facts since the court

originally ruled on that issue.  Hoey, 2011 WL 748152, at *2.  The mere

dissatisfaction with the court's ruling is not a proper basis for reconsideration.

Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

## III.   Discussion

Plaintiff disagrees with the court's finding that his proposed amended

complaint submitted on March 28, 2014 fails to comply with the Memorandum and

Order of March 10, 2014.  However, the proposed amended complaint is

unmanageable, setting forth numerous unrelated, separate claims against separate

defendants over a lengthy period of time while Plaintiff was incarcerated at SCI-

Mahanoy. It appears that Plaintiff attempts to evade the requirements of Fed. R. Civ.

P. 20 with respect to permissive joinder by alleging the existence of a massive

conspiracy between the Defendants to retaliate against him for having filed

grievances.

A conspiracy claim requires proof of an agreement or meeting of the minds to

violate constitutional rights, and an actual deprivation of constitutional rights.  To be

liable, each participant in the conspiracy need not know the exact details of the plan,

but each participant must at least share the common objective of the conspiracy.  See

Royster v. Beard, 308 F. App'x 576, 579 (3d Cir. 2009)(citing Parkway Garage, Inc.

v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.  However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993).  The Third Circuit Court of Appeals has further noted that "[a] conspiracy claim must ... contain supportive factual allegations." Rose v. Bartel, 871 F.2d 331, 366 (3d Cir. 1989).  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Chicarelli v.

Plymouth Garden Apartments, 551 F.Supp. 532, 539 (E.D. Pa. 1982). Where a civil

rights conspiracy is alleged, there must be some specific facts in the complaint which

tend to show a meeting of the minds and some type of concerted activity. Deck v.

Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective

suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n. 16

(3d Cir. 1991).

The proposed amended complaint set forth numerous unrelated individual

claims against different defendants. While Plaintiff attempted to tie the chain of

events together by way of alleging a grand conspiracy, he failed to set forth any facts

demonstrating a meeting of the minds between all of the defendants with respect to

any planned, ongoing retaliation scheme against Plaintiff. As such, to permit Plaintiff

to join all claims and defendants in one action clearly violates Rule 20(a).

Moreover, to allow Plaintiff to include numerous defendants and claims that do

not share common legal and factual questions, and that do not arise out of the same

transactions or occurrences, undermines the purpose behind the Prison Litigation

Reform Act. In Mincy v. Klem, 2007 WL 1576444, *1 (M.D. Pa.), the court stated:

> The Prison Litigation Reform Act of 1995 ("PLRA"), which
> substantially changed the judicial treatment of civil rights actions
> by state and federal prisoners, also compels compliance with Rule 20.
> Specifically, under the PLRA the full filing fee must ultimately be paid
> in a non-habeas action. Allowing a prisoner to include a plethora of
> separate, independent claims, would circumvent the filing fee
> requirements of the PLRA. Thus, to the extent that plaintiff believes that
> he had been subjected to more than one violation of his rights, and to the

extent that these violations are unrelated to each other, plaintiff should
file separate complaints addressing each violation.

Based on the foregoing, the court finds that reconsideration of the rejection of

Plaintiff's proposed amended complaint is not warranted, and the motion will be

denied.  Plaintiff will be afforded twenty (20) days within which to submit a proper

amended complaint in accordance with the foregoing and with the Memorandum of

March 10, 2014.  His failure to do so will result in the dismissal of this action for

failure to comply with a court order/failure to prosecute.  An appropriate order

follows.